CLD-087                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3014
_____

JENNIFER WELCHKO,
                                          Appellant

v.

UPMC ALTOONA; AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES COUNCIL 83 LOCAL 691
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 3:18-cv-00226)
District Judge: Honorable Stephanie L. Haines
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2022
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: February 22, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jennifer Welchko appeals pro se from the District Court's grant of summary judgment for her former employer, UPMC Altoona, on her sex discrimination claim brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

In 2017, Welchko began working as a medical assistant at UPMC Altoona. She had spent ten years previously working in various administrative positions at the hospital. UPMC maintains that Welchko was trained on a computer system for patient charting when she started as a medical assistant, but Welchko contends that she received only an overview of that computer system, which did not include patient care. Welchko was aware that the practice of "pre-charting" patient care — entering activities that employees provide into a patient's electronic records before those activities happen — was prohibited. Pre-charting is a basis for termination of employment at UPMC.

In September 2017, Welchko pre-charted a patient care activity. Her supervisor spoke with her about not pre-charting activities. Welchko stated in a deposition that she requested further training on the computer charting system but did not receive it.

In October 2017, Welchko pre-charted two additional patient care activities. After an investigation, she was suspended and ultimately fired for pre-charting records later that month. Welchko participated in a grievance process with her union to challenge her termination, but after a grievance hearing, Welchko rejected a settlement offer by UMPC and the union ultimately withdrew the grievance, declining to proceed to arbitration.

Welchko then filed a sex discrimination complaint with the Equal Employment

2

Opportunity Commission. Welchko identified Trent McConnell, a male nurse, as a comparator employee who was treated differently. McConnell was issued a written warning in 2016 for pre-charting patient care and was suspended, but then returned to work. After McConnell pre-charted another activity, he was fired. McConnell's union — a different union than Welchko's — pursued the grievance through arbitration, and McConnell was ultimately returned to work on a one-year probationary period.

In 2018, Welchko filed a counseled complaint in the District Court against UPMC as well as her union, alleging sex discrimination under federal and Pennsylvania state law.[1] Defendants ultimately moved for summary judgment, and the parties subsequently stipulated to the dismissal of all but one of Welchko's claims — her Title VII sex discrimination claim against UPMC — with prejudice. The District Court then granted UPMC's motion for summary judgment on Welchko's remaining claim. Welchko has timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable

---

[1] Welchko was represented by counsel throughout her District Court proceedings.

factfinder to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We may summarily affirm a district court's decision if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court's grant of summary judgment for UPMC.  We analyze claims of disparate treatment under Title VII according to the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Under that framework, Welchko has the initial burden of establishing a prima facie case of discrimination.  See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013).  If a prima facie case is made, the burden shifts to UPMC to offer a legitimate, non-discriminatory reason for Welchko's termination.  See McDonnell Douglas, 411 U.S. at 802.  Then, the burden shifts back to Welchko to demonstrate that UPMC's reason for the termination was pretext for discrimination.  See id. at 803–04.

We will assume, without deciding, that Welchko can establish a prima facie case of discrimination.  However, the District Court properly held that UPMC articulated a legitimate, non-discriminatory reason for her termination — pre-charting patient care activities — that Welchko failed to rebut.  To establish pretext, a plaintiff must offer evidence that either (1) "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication," or (2) supports an inference that "discrimination was more likely than

4

not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

Welchko has argued that the reason UPMC gave for her termination was pretext for sex discrimination because she was treated differently than McConnell. She has maintained that McConnell was given a written warning before he was terminated, while she was given only an oral warning, showing that UPMC followed its formal progressive disciplinary policy for McConnell and not her. While the record does not contain evidence about how the progressive disciplinary policy operated at UPMC generally, when McConnell was issued a written warning, his corrective action form stated that his next infraction would result in a final written warning. However, he was fired after his next infraction, like Welchko was. Accordingly, it appears that both Welchko and McConnell received a single warning for pre-charting before they were each subsequently fired after their next pre-charting infractions. Without further evidence about the progressive disciplinary policy, any disparity in first receiving an oral rather than a written warning does not suggest that the reason given for Welchko's termination was pretext for discrimination.

Welchko has maintained that McConnell was also treated differently because he was returned to his former position after he pursued arbitration through his union. McConnell was reinstated because his union pursued arbitration on his behalf, while Welchko's own union declined to proceed to arbitration; this difference in outcomes is not attributable to UPMC. Further, Welchko has contended that she was not properly trained about charting patient care before starting as a medical assistant, but that alone

5

does not suggest that discrimination motivated her termination. See id. at 765 ("[T]he plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

Considering the evidence presented in the District Court, no reasonable factfinder could conclude that UPMC's reason for firing Welchko was pretext for discrimination. Accordingly, we will affirm the District Court's judgment.